United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ricky Barnard Justice, | § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action H-22-3324 |
| Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

# Report and Recommendation

Ricky Barnard Justice, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Texas state-court conviction for sexual assault. ECF No. 1. Justice has also filed a "motion to proceed under FRCP 8, general rules of pleading" as well as a motion for summary judgment. ECF Nos. 3, 6. The court recommends that the petition be dismissed because it is successive and Justice does not have the necessary permission to file it, meaning that this court has no jurisdiction. The court further recommends that Justice's motions be denied.

## I.   Background

In 2012, Justice was convicted of sexual assault and sentenced to a 99-year prison term in Harris County (Cause No. 1359172). ECF No. 1, at 1. Justice now seeks federal habeas corpus relief from his conviction, arguing actual innocence based on newly discovered evidence. *Id.* at 5. Justice contends that a report of the complainant's previous criminal history supports his claim of actual innocence. *Id.*

Court records show that Justice has filed a previous federal habeas

petition challenging the same conviction and sentence for sexual assault. *See Justice v. Stephens*, Civil No. 4:15-cv-0251 (S.D. Tex. March 14, 2016) (denying petition on the merits and dismissing with prejudice).

## II. Discussion

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which prohibits "second or successive" habeas corpus applications that do not rely on a "new rule of constitutional law" made retroactive by the Supreme Court or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). If a prisoner wishes to pursue a second or successive habeas application, he must first obtain authorization from the appropriate court of appeals before a district court can consider that application. *See* 28 U.S.C. § 2244(b)(3)(A). This court has no jurisdiction to consider a successive petition absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application qualifies as second or successive when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.* Justice fails to demonstrate why he could not have raised the claim he raises here in an earlier federal habeas petition. The pending petition meets the second-or-successive criteria.

Because the pending petition is successive, Justice is required to seek authorization from the Fifth Circuit before this court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Cain*, 137 F.3d at 235). Justice did not seek or obtain authorization to file the instant successive petition,

and it must be dismissed for want of jurisdiction.

### III. Conclusion and Recommendation

The court recommends that Justice's federal habeas corpus petition be dismissed without prejudice as an unauthorized successive petition. The court further recommends that Justice's motion to proceed under Rule 8 and motion for summary judgment—both of which seek relief on the merits—be denied. Finally, the court recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed October 25, 2022, at Houston, Texas.

Peter Bray
United States Magistrate Judge